**E-FILED**
Friday, 11 January, 2013  09:28:49 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| SCOTT WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-1433 |
| | ) | |
| CITY OF EUREKA, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant City of Eureka, Illinois' (City) Motion to Dismiss Plaintiff's Amended Complaint (d/e 21) (Motion).  For the reasons set forth below, this Court recommends that the Motion should be ALLOWED in part and DENIED in part.  Counts II and III should be dismissed with prejudice.  The remainder of the Motion should be DENIED.

## STATEMENT OF FACTS

For purposes of the Motion, the Court must assume that the well pleaded facts in the Amended Complaint (d/e 20) are true and draw all inferences in favor of the Plaintiff Scott Wilson.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  The Court, however, may

also consider matters of public record.  See General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080-81 (7th Cir. 1997).

According to the Amended Complaint, the City hired Wilson as a part time police officer in March 2007.  The City hired him as a full time police officer beginning in July 2007.  On October 4, 2008, Wilson injured his back while on duty in an incident in which a suspect resisted arrest.  On June 15, 2009, Wilson was diagnosed with a herniated disc in his back.  Wilson alleges that the October 4, 2008 incident caused the herniated disc in his back.  Wilson was off work due to his back injury from June 15, 2009, to August 11, 2009.  Amended Complaint ¶¶ 4-7.

Wilson returned to work on August 11, 2009, but still suffered radiating pain and numbness in his left arm.  In late 2009, Wilson was diagnosed with cubital tunnel syndrome.  He went off work on December 22, 2009, to undergo surgery to address the problem.  The surgery occurred on December 23, 2009.  The pain persisted after the surgery. Wilson remained off work because of his condition and continued to undergo physical therapy.  Amended Complaint ¶¶ 7-9.

On July 28, 2010, Wilson received a letter from the City dated July 27, 2010.  The letter stated that Wilson had been replaced as a full time

police officer for the City because he did not return to work on July 27, 2010.  <u>Amended Complaint</u> ¶¶ 12-13.

On August 6, 2010, Wilson underwent surgery to fuse the C-6-C7 vertebrae.  Wilson was released by his doctor to perform light duty work on November 24, 2010.  Wilson was not able to work from December 22, 2009, until November 24, 2010.  <u>Amended Complaint</u> ¶¶ 9-10.

The policy making agents of the City were informed that Wilson was released to light duty work on November 24, 2010, but did not reinstate him.  The City had two part time police officer positions available on or shortly after November 24, 2010.  The City hired other individuals to fill those positions.  On March 7, 2011, the City hired John Garrett and Brian Bristol as full time police officers.  At the time that the City hired Garret and Bristol, City officials knew that Wilson was ready, willing, and able to return to work.  <u>Amended Complaint</u> ¶¶ 13-16.

On March 29, 2011, Wilson sent a letter to the City's Chief of Police asking when he could return to work.  The City's Administrator Anne Sandvik told Wilson he would be required to file an application for employment like any other individual seeking employment with the City. <u>Amended Complaint</u> ¶¶ 17.

Wilson also alleges that the City had a population slightly over 5,000 persons and was receiving benefits from the United States based on a population of more than 5,000 persons.  Amended Complaint ¶¶ 4, 23.  The Court takes judicial notice the 2000 United States Census showed that Eureka had a population 4,871 inhabitants, and the 2010 United State Census showed that Eureka had a population of 5,295 inhabitants. http://factfinder2.census.gov/faces/tableservices/jsf/pages/productview.xhtml?pid=DEC_10_SF1_P1&prodType=table, viewed January 10, 2013; http://factfinder2.census.gov/faces/tableservices/jsf/pages/productview.xhtml?fpt=table, viewed January 10, 2013.

The 2010 United States Census was released on December 21, 2010. http://www.census.gov/2010census/about/, viewed January 10, 2013.[1]

Based on these allegations, Wilson alleges three claims.  Wilson sets forth these claims as three subsections of a section of the Amended Complaint entitled "Plaintiff's Claims."  Amended Complaint, at 11.  For convenience, the Court refers to the three claims by separate numbered counts.  Count 1 alleges discrimination in violation of the Americans with

---

[1] Wilson states that the release date was December 26, 2010.  Plaintiff's Corrected Response to Defendant's Motion to Dismiss Amended Complaint (d/e 28) (Plaintiff's Response), at 6.  The U.S. Census website listed the date as December 21, 2010, when the Court viewed the website.  The discrepancy in the release date is immaterial.

Disability Act (ADA), 42 U.S.C. § 12112(a).  <u>Amended Complaint</u> ¶¶ 21-22.

Count 2 alleges a claim under 42 U.S.C. § 1983 for a denial of his property

interest in his right to reinstatement without due process.  <u>Amended</u>

<u>Complaint</u> ¶¶ 23-25.  Count 3 alleges a state law claim for judicial review of

the administrative decisions, "not to grant him disability leave for his duty

injury on July 27, 2010 and not allow him reinstatement to employment as a

Eureka on his November 24, 2010 or on March 7, 2011 when Eureka hired

John Garrett and Brian Bristol as full time police officers."  <u>Amended</u>

<u>Complaint</u> ¶ 28.  The City moves to dismiss the Amended Complaint.

<u>ANALYSIS</u>

Under Federal Rule of Civil Procedure 12(b) (6), dismissal is proper

where a complaint fails to state a claim on which relief can be granted.

Fed. R. Civ. P. 12(b) (6).  The Federal Rules require only "a short and plain

statement of the claim showing that the pleader is entitled to relief," and

allegations must be "simple, concise, and direct."  Fed. R. Civ. P. 8(a) (2) &

(d) (1).  While a complaint need not contain detailed, specific factual

allegations, it must contain sufficient facts to "state a claim to relief that is

plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570

(2007).  A claim is plausible if the plaintiff "pleads factual content that

allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009). A claim is plausible on its face if it provides the defendant fair
notice of what the claim is and the grounds upon which it rests. George v.
Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b) (6) is
appropriate when "the factual detail in a complaint [is] so sketchy that the
complaint does not provide the type of notice of the claim to which the
defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT &
T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

The City argues that the entire Amended Complaint should be
dismissed because Wilson failed to plead a short, plain statement of his
claims in accordance with Rule 8. The City also argues that Count 2 fails
to state a claim and that Count 3 is untimely. The City does not challenge
the substantive sufficiency of the ADA claim in Count 1. The Court
addresses each of the City's three arguments in order.

A. Compliance with Rule 8

The City argues that Wilson failed to plead a short, plain statement of
his claims. The City notes that Wilson did not plead his claims in separate
counts and Wilson improperly alleged several statutory sections in the
Amended Complaint. Motion, at 4. The City specifically asks the Court to
strike the statutory citations. Id.

The Amended Complaint is not a model of brevity and quoting statutory sections in pleadings is largely unnecessary. The Court, however, should not dismiss the Amended Complaint on these grounds. The Amended Complaint gives notice of the claim and provides enough factual detail to determine the sufficiency of the claims.[2]

The Court further should not strike the statutory quotations. The Court may strike from pleadings "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike, however, are generally disfavored because they often merely result in delay. See Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). In this case, the extensive quoting may not be required, but the quotes are not redundant, immaterial, impertinent or scandalous. The statutory references give notice to the Court and the City of the underlying bases for Wilson's claims. The Court, therefore, should not strike them from the Amended Complaint. This portion of the Motion should be denied.

B. Count 2

The City next challenges whether Count 2 states a claim. Wilson claims he has a property interest in his position as a Eureka police officer

---

[2] Parties also are not required to plead in separate counts in federal court. See Fed. R. Civ. P. 10(b) (requiring use of separate numbered paragraphs, but not separate counts).

and in his right to reinstatement to that position by virtue of the Illinois
Municipal Code, 65 ILCS 5/10-2.1-17, 10-2.1-23, and 10-2.1-24 (Relevant
Statutes).  The City argues that the Relevant Statutes did not apply to City
police officers during the relevant period because the City had less than
5,000 inhabitants.  The Court agrees with the City.

To state a claim for denial of property without due process, Wilson
must allege that he had a property interest in his employment or right to
reinstatement and the City deprived him of that property interest without
due process.  Illinois law controls whether Wilson had such a property
interest, "Under Illinois law, a person has a property interest in his job only
where he has a legitimate expectation of continued employment based on
a legitimate claim of entitlement."  Moss v. Martin, 473 F.3d 694, 700
(7th Cir. 2007).  Wilson must "show a specific ordinance, state law, contract
or understanding limiting the ability of the state or state entity to discharge
him."  Id. (quoting Krecek v. Bd. of Police Com'rs of La Grange Park,
271 Ill.App.3d 418, 423, 646 N.E.2d 1314, 1318-19 (Ill. App. 1st Dist.
1995)).

Wilson relies on the Relevant Statutes to establish a property right by
statute.  The Relevant Statutes generally state that a police officer may
only be dismissed for cause, that if the officer is injured in the line of duty

he is entitled to disability leave, and that after completion of disability leave, the injured officer shall be reinstated if the officer gives proper and timely notice.  65 ILCS 5/10-2.1-17, 10-2.1-23, and 10-2.1-24.

The Relevant Statutes, however, only apply to municipalities that have at least 5,000 and not more than 250,000 inhabitants, and municipalities that have less than 5,000 inhabitants but elect to be covered by these provisions.  65 ILCS 5/4-5-7(b) and 5/10-2.1-1.  The population of a municipality is determined by "the latest census taken by authority of the United States or this state, or that municipality."  65 ILCS 5/1-7-2.  Wilson does not allege that the City elected to be covered by the Relevant Statutes.  He further does not allege that either the City or the State of Illinois took a census of the City. Thus, the City's population is to be determined by the latest applicable United States census.

Wilson alleges that the City replaced him on leave on July 27, 2011, and that he completed his disability leave and was ready to return to work on November 24, 2011.  Those are the critical dates for determining whether Wilson had a property interest in either his continued employment on in a right to reinstatement.  On both of those dates, the latest United States census was the 2000 census.  The 2010 census was not released until December 21, 2010.  According to the 2000 census, Eureka had only

4,871 inhabitants.  The Relevant Statutes, therefore, did not apply to the City or its police officers on those critical dates.  Wilson, therefore, did not have a property interest in his employment or reinstatement.  Count 2 fails to state a claim.

Wilson argues that he alleged a property interest because he alleged that the Relevant Statutes applied to Eureka.  He alleged that Eureka had more than 5000 inhabitants and that Eureka received benefits from the United States based on a population of more than 5,000 persons.   The receipt of benefits from the United States is irrelevant.  The Municipal Code states that the latest census data is to be used to determine the population of a municipality.  65 ILCS 5/1-7-2.   The Court further may take judicial notice of matters of public record, such as census data, when deciding a motion to dismiss.  The latest census on the critical dates was the 2000 census data.  That data is controlling for purposes of determining the applicability of the Relevant Statutes.  The 2000 census showed that the City had less than 5,000 inhabitants.  The Relevant Statutes, therefore, did not apply, and Wilson did not have a property interest.  Count 2 fails to state a claim.

C. <u>Count 3</u>

Count 3 alleges a state law claim for judicial review of three administrative decisions: the decision on July 27, 2010, to replace Wilson; the decision on or about November 24, 2010, to fill part time police positions with others rather than reinstate Wilson; and the decision on March 7, 2011, to hire Garrett and Bristol as new police officers rather than reinstate Wilson to one of those positions. <u>Amended Complaint</u> ¶ 28.  The City moves to dismiss this claim as untimely.  The Court agrees.

The Illinois Administrative Review Law states that an action for judicial review "shall be commenced by filing a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3-103.  The 35 day requirement is mandatory.  735 ILCS 5/3-102;  <u>Nudell v. Forest Preserve Dist. of Cook County</u>, 207 Ill. 409, 413-14, 799 N.E.2d 260, 262-63 (2003).  Wilson filed this action on November 23, 2011, and filed Count 3 for the first time in the Amended Complaint on October 23, 2012.  Either date is far more than 35 days after he received notice of any of the three decisions.  The claim therefore is barred as untimely.  Count 3 should be dismissed.

Wilson argues that Count 3 is not barred because the decisions were not final when made.  He argues that the City officials who made the decisions lacked authority to make them because the City was required to appoint a Board of Police Commissioners, but did not do so until January 16, 2012.  See Plaintiff's Response, at 10; Motion, collective Exhibit 1, Minutes of Eureka City Council Meeting dated January 16, 2012, and City of Eureka Ordinance 12-01 (establishing the Eureka Board of Fire and Police Commissioners).  Therefore, the decisions were not final and the time to file an action for judicial review did not commence.

The argument is not persuasive.  The City officials may or may not have acted beyond their authority, but they made final decisions.  City officials filled Wilson's position on the City police force on July 27, 2010; City officials hired other officers to fill part time positions on the police force on or about November 24, 2010; and City officials hired Garrett and Bristol on March 7, 2011.  Those hiring decisions were made; people were employed and paid; those decisions were final.  Wilson seeks judicial review of those decisions.  He was required to file an action for review within 35 days of the date that he received notice of those decision.  He did not do so.  Wilson's claim for judicial review of those decisions is barred. 735 ILCS 5/3-102 and 5/3-103; Nudell, 799 N.E.2d at 262-63.

WHEREFORE this Court recommends that Defendant City of Eureka, Illinois' Motion to Dismiss Plaintiff's Amended Complaint (d/e 21) should be ALLOWED in part and DENIED in part.  Counts 2 and 3 should be dismissed with prejudice.  The remainder of the Motion should be denied.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.


ENTER:    January 11, 2013


                    *s/ Byron G. Cudmore*
                    UNITED STATES MAGISTRATE JUDGE