UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT WILSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-1433 |
| | ) |
| CITY OF EUREKA, ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On January 11, 2013, a Report & Recommendation (ECF No. 29) was filed by Magistrate Judge Byron G. Cudmore in this case. In his Report and Recommendation, the Magistrate Judge recommended that Defendant City of Eureka's ("Defendant") Motion to Dismiss (ECF. No. 21) be ALLOW IN PART and DENIED IN PART. (ECF No. 29 at 13). For reasons stated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 29).

## Discussion

The parties were advised that any objection to the Report and Recommendation had to be filed within fourteen days after service of the Report and Recommendation[1]. Id.  *See also* Fed. R. Civ. P. 72(b); ILCD-LR 72.2; *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). The deadline for filing an objection to the Report and Recommendation has passed and no party has presented any objections. As the parties failed to present timely objections, any such objections have been waived. *Brokaw v. Brokaw*, 128 F.App'x 527, 530 (7th Cir. 2005). In a situation where no party objects to the magistrate judge's action, the district court may accept

---

[1] In his Motion for Leave to File Second Amended Complaint Joining Additional Parties, Plaintiff acknowledged his obligation to file Objections within two weeks of the issuance of the Report and Recommendation and indicated he would do so. (ECF No. 30 at 2). Because Plaintiff specifically acknowledged the time frame in which to file but did not file any objections, the Court assumes that he has reconsidered that decision.

the recommendation and reconsider *sua sponte* any matter determined by a magistrate judge. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

The Court has carefully reviewed the Report and Recommendation and adopts it in its entirety. The relevant factual background contained in the Amended Complaint for the purpose of this motion is sufficiently set forth in the Magistrate Judge's Report and Recommendation and the previous Orders of the Court. (ECF No. 18, 19, and 29). In his Amended Complaint, Wilson alleges that the City discriminated against him in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a) (Count I[2]) by refusing to allow him to return to work as a police officer, denied his property interest in his right to reinstatement without due process (Count II), and a state law claim for judicial review (Count III) of the administrative decisions "not to grant him disability leave for his duty injury on July 27, 2010[,] and not allow him reinstatement to employment as a Eureka on his November 24, 2010[,] or on March 7, 2011[,] when Eureka hired John Garrett and Brian Bristol as full time police officers." (ECF No. 20 at 6-14).

The Court concurs with the Magistrate Judge's decision not to dismiss Count I of the Amended Complaint. The Magistrate Judge noted that despite the extraneous language included in the Count, the Count provided enough detail to put the Defendant on notice of the claim. (ECF No. 29 at 7). Dismissing this Count would unnecessarily delay the matter from going forward. Accordingly, the Defendant's Motion is denied as to Count I.

With respect to Count 2, Plaintiff explains that "his right to disability leave for on duty injuries and reinstatement under Sections 10-2.1-23 and 10-2.1-24 of the Illinois Municipal Code was a legitimate statutory claim of entitlement that was a constitutionally protected interest in

---

[2] Plaintiff does not label his Counts with particular numerical identifiers, however, the Magistrate Judge referred to the Counts as I, II, and III. The Court will also do so for purposes of this Order.

property." (ECF No. 28 at 5-6). The Magistrate Judge provided a detailed analysis of the Illinois Municipal Code sections cited by the Plaintiff, concluding that it was inapplicable to the City. The Magistrate Judge specifically explained that the statute relied on by the Plaintiff "only appl[ies] to municipalities that have at least 5,000 and not more than 250,000 inhabitants, and municipalities that have less than 5,000 inhabitants but elect to be covered by these provisions." (ECF No. 29 at 9); see also 65 ILCS 5/4-5-7(b) and 5/10-2.1-1. Plaintiff argues that Eureka does have a population of more than 5000 persons; however, the Magistrate Judge correctly noted that the population is based on "the latest census taken by authority of the United States or this state, or that municipality." 65 ILCS 5/1-7-2. In this case, the Magistrate Judge properly determined that the 2000 United States Census was the applicable census - - and it showed that Eureka had a population 4,871 inhabitants. Accordingly, Plaintiff cannot maintain his claim that he had a constitutionally protected interest in his position as alleged in Count 2.

Finally, in Count III, Plaintiff outlines a claim for Administrative Review. Illinois' Administrative Review law provides:

> Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision [ ].

735 ILCS 5/3-103. "[T]he filing of a complaint within the 35-day time limit is required to confer subject matter jurisdiction upon the circuit court." *Nudell v. Forest Preserve Dist. of Cook County*, 799 N.E.2d 260, 262-63 (2003). In this case, Plaintiff seeks administrative review on the following:

> Wilson brings this supplemental state claim for judicial review of the decisions of Eureka not to grant him disability leave for his on duty injury on July 27, 2010 and not allow him to reinstatement to employment as a Eureka on his November 24, 2010 or on March 7, 2011 when Eureka hired John Garrett and Brian Bristol as full time police officers.

(ECF No. 20 at 20). Plaintiff filed his original Complaint (ECF No. 1) on filed November 23, 2011, and first filed his request for administrative review in his Amended Complaint (ECF No. 20) filed on October 23, 2012. The Magistrate Judge was correct that either date is far more than 35 days after he received notice of the decisions.

The Magistrate Judge properly disregarded Plaintiff's argument that the City officials who made the decisions lacked authority to make them because the City was required to appoint a Board of Police Commissioners, but did not do so until January 16, 2012. (ECF No. 28 at 10). While it may be debatable whether the City officials acted beyond their authority, the final decisions were made on the dates noted above. The Plaintiff takes issue with those decisions, but failed to commence the action until after the time to do so had expired. Accordingly, he request for administrative review cannot stand.

## Conclusion

For reasons stated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 29) and the Motion to Dismiss (ECF No. 21) is GRANTED IN PART and DENIED IN PART**.** Count II and III of the Amended Complaint (ECF No. 20) are DISMISSED WITH PREJUDICE. This matter is now referred back to Magistrate Judge Cudmore for further handling.

ENTERED this 30th day of January 2013.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge