IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| SCOTT WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 11-cv-1433 |
| CITY OF EUREKA, ILLINOIS, | ) ) ) |
| Defendant. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Scott Wilson's Motion for Leave to File Second Amended Complaint Joining Additional Party Defendant (d/e 30) (Motion).  For the reasons set forth below, the Motion is DENIED.

Wilson seeks to add the City of Eureka Board of Fire and Police Commissioners (Board) as a necessary party.  Wilson argues that the Board is a necessary party because he seeks reinstatement to the Eureka Police Department (Department) as one of his remedies and the Board controls employment decisions for the Department.  <u>Plaintiff's Reply to Defendant's Objections to Plaintiff's Motion for Leave to File Second Amended Complaint (d/e 34)</u>, at 3-5.  The Defendant City of Eureka (City)

objects on the grounds that the Board is not an entity that may be sued separately.

The Court agrees with the City.  The Board may only be sued separately for judicial review of an administrative decision; otherwise the proper defendant is the City.  735 ILCS 5/3-101; Lalowski v. City of Des Plaines, 2010 WL 145860 *3 (N.D. Ill. January 8, 2010); Moore v. Martin, 1990 WL 37767 *1 (N.D. Ill. March 15, 1990).  The Board, therefore, is not a necessary party.  If Wilson prevails, an order enjoining the City to reinstate him to the Department will be binding on the Board.

Wilson relies on cases that hold that an Illinois sheriff, and an elected official, and the sheriff's department under him, must be sued separately from the county.  See Moy v. County of Cook, 159 Ill. 519, 526-27, 640 N.E.2d 926, 928 (Ill. 1994).   A plaintiff in an action against an Illinois sheriff, or his department, must sue the county as a necessary party in order to enforce any judgment against the county.  See Carver v. Sheriff of LaSalle County, Illinois, 324 F.3d 947, 948 (7th Cir. 2003).  These cases do not apply because the Board is not elected and the Department is not a separately suable entity.  65 ILCS 5/10-2.1-1; Lalowski, 2010 WL 145860 at *2; see Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir. 1997).  The

request to amend to add the Board as an additional defendant is, therefore, denied.

WHEREFORE Plaintiff Motion for Leave to File Second Amended Complaint Joining Additional Party Defendant (d/e 30) is DENIED.  The Defendant is directed to file an answer to Count I of the Amended Complaint by March 8, 2013.

ENTER:   February 22, 2013

*s/ Byron G. Cudmore*
UNITED STATES MAGISTRATE JUDGE